UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:25-CV-60114-RS

STEVEN BETTS, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

SYMPLE LENDING LLC,

      Defendant.

                                /

## DEFENDANT SYMPLE LENDING LLC'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Symple Lending LLC ("Symple Lending") respectfully moves to dismiss Plaintiff Steven Betts' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1), stating as follows:

## I. INTRODUCTION.

Plaintiff's class action Complaint asserts eight causes of action against Symple Lending for alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") relating to "artificial or prerecorded" voicemails he claims to have received on his cell phone after it was registered on the National Do-Not-Call Registry ("DNCR").

The Complaint should be dismissed in its entirety because it fails to allege facts supporting a conclusion that Symple Lending placed the calls at issue. Individual Counts of the Complaint should also dismissed for the following additional reasons:

- Counts Three through Eight should be dismissed because they do not sufficiently allege facts supporting a conclusion that the calls at issue were "telephone solicitations," "telemarketing" calls or "unsolicited telephonic sales calls";

60495804 v2

- Counts One and Five should be dismissed because they fail to sufficiently allege facts establishing that the calls at issue were made using an autodialer;

- Counts Two and Six should be dismissed because they do not sufficiently allege that the purported voicemails at issue were an artificial voice or prerecorded; and

- Counts Four and Eight should be dismissed because they do not sufficiently allege when and to whom Plaintiff made any alleged do-not-call request.

Finally, Plaintiff's claims for injunctive relief in each Count of the Complaint should be dismissed because Plaintiff lacks standing to prosecute the claims. For the reasons stated above, the Complaint should be dismissed.

## II.   PLAINTIFF'S ALLEGATIONS DRAWN FROM THE COMPLAINT.[1]

According to the Complaint, Plaintiff has been a resident of Broward County, Florida since at least October 2024. (Compl., Doc. 1 ¶¶ 7, 16.) Plaintiff claims to have been the subscriber and primary user of a cellular telephone number ending in 2348, which he characterizes as a residential line and as having been registered on the DNCR since 2009. (*See id.* ¶¶ 9–11.)

Plaintiff further contends that between October 23, 2024 and November 29, 2024, he received seven calls from four different numbers to his cell phone "from [Symple Lending], or on [its behalf]." (*Id.* ¶¶ 16–17.) Each call allegedly resulted in a voicemail. (*See id.* ¶ 18.) Plaintiff does not describe the voicemails or their content with any specificity. (*See id.* ¶¶ 17–19.) Rather, he simply contends that "[w]hen [he] listened to the voicemails, he was easily able to determine that it [sic] was a prerecorded message" and that "[t]he purpose of each call was to promote and encouraging [sic] the purchase of Defendant's goods and services." (*Id.* ¶¶ 18–19; *see also id.* ¶¶

---

[1] Symple does not admit the truth of any "factual" allegations in the Complaint, but such allegations must be accepted as true when considering this Motion to Dismiss. *See Millstein v. Wells Fargo Bank, N.A.*, Nos. 1:24-cv-22142-DPG, 9:24-cv-80722-DPG, 2025 WL 373466, at *13 (S.D. Fla. Jan. 15, 2025) (stating that "it is axiomatic that the Court must accept as true all of the allegations contained in the complaint").

53–54, 67, 82, 110–112, 127.) The only details regarding the alleged calls Plaintiff claims to have received are found in two Counts, where Plaintiff simply declares that the calls "were designed to enroll Plaintiff into a health insurance plan." (*Id.* ¶¶ 43, 98.)

Plaintiff also claims that at some unspecified time, he called the telephone numbers that placed the calls to his cell phone, asked that Defendant stop calling him but Defendant failed to comply with his requests. (*See id.* ¶¶ 20–21.) Finally, Plaintiff alleges that he had no existing business relationship with Symple Lending, never provided Symple Lending with consent to call him and revoked any such consent with his return calls. (*See id.* ¶¶ 22–24.)

Without further "factual" allegations, Plaintiff speculates that Symple Lending's alleged failure to comply with his do-not-call requests "strongly suggests" that it lacks a written policy for maintaining an internal do-not-call list, does not properly train its personnel on the use of such lists, does not record do-not-call requests, and does not maintain a record of a consumer's do-not-call requests. (*See id.* ¶¶ 26, 85, 87.) Plaintiff also contends in conclusory fashion that Symple Lending used an automatic telephone dialing system to place the calls at issue because he never provided Symple Lending with his number, he has no existing business relationship with the company, the calls sought to enroll Plaintiff into a health insurance plan, and Symple Lending's website discloses that it may place calls using an automatic dialing system. (*See id.* ¶¶ 43, 98.)

## III.   <u>LEGAL STANDARD.</u>

### A.   <u>Rule 12(b)(6) Motion to Dismiss.</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When considering a motion to dismiss, the Court must accept the well-pleaded facts in a complaint as true but "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Phoenix Ent. Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." (citation omitted)), *report and recommendation adopted*, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## B.     Rule 12(b)(1) Motion to Dismiss.

"A motion to dismiss asserting a lack of standing is a challenge to the Court's subject matter jurisdiction properly considered under Rule 12(b)(1)." *Coker v. Warren*, 660 F. Supp. 3d 1308, 1317 (M.D. Fla. 2023). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *TocMail, Inc. v. Microsoft Corp.*, 67 F.4th 1255, 1262 (11th Cir. 2023). One component of the case-or-controversy requirement is standing. *Id.* Plaintiffs bear the burden of establishing standing "for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208, 210 L. Ed. 2d 568 (2021). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) (ellipsis and internal quotation marks omitted). "Mere conclusory statements do not suffice." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332,

60495804 v2                                    4

1338 (11th Cir. 2021) (cleaned up).

To establish standing to seek injunctive relief, "a plaintiff must allege facts from which it appears there is a substantial likelihood that []he will suffer injury in the future." *Coker*, 660 F. Supp. 3d at 1326 (emphasis omitted) (quoting *Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206 (11th Cir. 2019)). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 578 U.S. at 338 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976)); *see Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) ("A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone—not for himself, and not for any other member of the class.").

## IV.   **ARGUMENT.**

### A.   **The Complaint should be dismissed in its entirety because it fails to allege facts supporting a conclusion that Symple Lending placed the calls at issue.**

The TCPA makes it unlawful to "initiate" certain calls. *See* 47 U.S.C. § 227(b)(1)(B); 27 C.F.R. § 64.1200(a)(1), (c), (d). Similarly, the FTSA prohibits the "mak[ing] or knowingly allow[ing]" an "unsolicited telephonic sales call" to be made. Fla. Stat. § 501.059(8)(a). A person or entity "initiates" a call or message "when it takes the steps necessary to physically place a telephone call." *Worsham v. TSS Consulting Grp., LLC*, No. 6:18-CV-1692-LHP, 2023 WL 2664203, at *5 (M.D. Fla. Mar. 28, 2023) (quoting *In the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 (2013)).

Here, the Complaint includes conclusory allegations that Plaintiff received seven telephone calls "from Defendant, or on Defendant's behalf." (*See* Compl. ¶¶ 16–17.) But Plaintiff has not

alleged any facts supporting this conclusion. While Plaintiff identifies four telephone numbers that allegedly placed the calls at issue, he does not allege any facts supporting an inference that Symple Lending placed any of the calls. (*See id.* ¶ 17.) Plaintiff has not tied these numbers to Symple Lending. (*See id.*) Nor has Plaintiff provided the content of any voicemail allegedly received or alleged that the voicemails identified Symple Lending by name. (*See id.* ¶¶ 16–19.) Plaintiff's failure to link Symple Lending to any of the voicemails means that the Complaint falls far short of the minimum pleading requirements of this Court. *See, e.g., Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) ("[A] facially plausible claim must allege facts that are more than merely *possible*, and a plaintiff's factual allegations that are merely consistent with a defendant's liability will not be considered facially plausible." (internal quotations omitted)).

Courts routinely dismiss TCPA complaints with similarly deficient factual allegations. *See, e.g.*, *Bank v. Spark Energy, LLC*, 860 F. App'x 205, 206 (2d Cir. 2021) (affirming dismissal of TCPA claim where "the complaint's allegation that [defendant] placed the calls is conclusory"); *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing TCPA claim because the plaintiff failed to plead facts sufficient to "show plausibly that defendant actually, physically initiated the telephone calls at issue"); *Frank v. Cannabis & Glass, LLC*, No. 2:19-CV-00250-SAB, 2019 WL 4855378, at *3 (E.D. Wash. Oct. 1, 2019) (granting motion to dismiss where the complaint failed "to allege adequate facts to show that Defendant [] initiated the transmission or assisted in the transmission of the text message as contemplated by" CEMA).

For the reasons stated above, the Complaint should be dismissed in its entirety.

**B.**     **Counts Three through Eight of the Complaint should be dismissed because they do not sufficiently allege facts supporting a conclusion that the calls at issue were "telephone solicitations," "telemarketing" calls or unsolicited "telephonic sales calls."**

The TCPA's implementing regulations that Plaintiff relies on in Counts Three and Four of the Complaint regulate calls constituting a "telephone solicitations" and "telemarketing." *See* 47 C.F.R. § 64.1200(c), (d). Similarly, the provisions of the FTSA that Plaintiff relies on in Counts Five through Eight of the Complaint prohibit "unsolicited telephonic sales calls" or other calls "[m]ade by or on behalf of the seller whose goods or services are being offered." *See* Fla. Stat. § 501.059(4), (5), (8)(a).

The TCPA defines a "telephone solicitation" as, with certain exceptions, "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ." 47 C.F.R. § 64.1200(f)(15). It defines a "telemarketing" call as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). The FTSA defines a "telephonic sales call" as "a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

Plaintiff's Complaint lacks any factual allegations supporting even an inference that the calls at issue were "telephone solicitations," "telemarketing calls" or "telephonic sales calls." At the risk of repetition, Defendant reiterates that Plaintiff has not alleged any facts regarding the content of the voicemails or circumstances surrounding the calls supporting a conclusion that they were "telephone solicitations," "telemarketing" calls or "telephonic sales calls." (*See generally*

Compl.) The most Plaintiff does is allege in conclusory fashion that the calls "were designed to enroll Plaintiff into a health insurance plan." But Plaintiff fails to allege any facts supporting this conclusion. (Compl. ¶¶ 43, 98.)[2] For this additional reason, Counts Three through Eight should be dismissed. *See Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188.

## C. Counts One and Five of the Complaint should be dismissed because Plaintiff does not sufficiently allege that the calls at issue were made using an autodialer.

In Counts One and Five of the Complaint, Plaintiff claims that Symple Lending violated the TCPA and FTSA by using an autodialer to place the calls at issue. (See Compl. ¶¶ 38–50, 94–107.) The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). "The Supreme Court defined the narrow class of machine that qualifies as an autodialer under the TCPA—only a machine that utilizes a random or sequential number generator and places a call using the same can qualify as an autodialer." *Evans v. Ocwen Loan Servicing, LLC*, Case No. 9:18-cv-81394, 2021 WL 7366534, at *1–2 (S.D. Fla. Oct. 21, 2021) (quoting *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021)), *vacated and remanded on questions of standing*, No. 21-14045, 2022 WL 17259718 (11th Cir. 2022). To establish a violation, Plaintiff must plead specific facts supporting an inference that an ATDS was used to make the calls at issue. *See Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355–56 (S.D. Fla. 2018) ("To sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS

---

[2] Defendant notes that given Plaintiff's characterization of the purported calls, they could have been made for a health care purpose, which is exempt under the Health Care Rule. *See* 47 C.F.R. § 64.1200(a)(2); *see also Jackson v. Safeway, Inc.*, No. 15-cv-04419-JSC, 2016 WL 5907917, at *8–9 (N.D. Cal. Oct. 11, 2016) (explaining the Health Care Rule exception to TCPA liability). This further supports dismissal of the TCPA claims asserted in the Complaint.

… without alleging additional facts to support those facts."); *see, e.g.*, *Gill v. Navient Sols., LLC*, No. 8:18-cv-1388-T-26SPF, 2018 WL 7412717, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing TCPA claim where "Plaintiff fails to describe the phone messages or the circumstances surrounding the calls, such as the actual messages or conversations, to cause her to believe an ATDS was being used").

Similarly to the TCPA, the FTSA prohibits telephonic sales calls using an "automated system for the selection or dialing of telephone numbers." F.S.A. § 501.059(8)(a). To properly allege a violation of Section 501.059(8)(a) of the FTSA, as Plaintiff tries to do in Count Five, he "must allege some facts making it plausible that the defendant used an automated dialing system as described by the statute." *Davis v. Coast Dental Servs., LLC*, No. 8:22-cv-KKM-TGW, 2022 WL 4217141, at *2 (M.D. Fla. Sept. 13, 2022) ("To properly allege a violation of [the FTSA], a plaintiff must allege some facts making it plausible that the defendant used an automated dialing system as described by the statute.").

A perfect illustration of the deficiency in Counts One and Five of the Complaint is found in *Davis*, *supra.* In that case, the court held that Plaintiff failed to sufficiently allege that the calls at issue were placed using an automated system when the Complaint simply claimed "Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers." *Id.* While the court recognized that these allegations were "consistent" with the idea that an automated machine could have been used, they were "also consistent with [defendant] hiring a marketing firm to send individual messages from a personal cell phone in full compliance" with the law. *Id.* Thus, while in *Davis,* it was *possible* that the defendant violated the law, the plaintiff had not satisfied its burden of demonstrating that it was *plausible*. *See id.* Similarly here, Plaintiff has not met his pleading burden.

The Complaint does not make any specific factual allegations regarding the use of an automated system to make the calls at issue. Counts One (ATDS claim) and Five (FTSA claim) contend that the following "strongly suggests" an autodialer was used to make the calls at issue:

> (1) Plaintiff never provided Defendant with his telephone phone number; (2) Plaintiff has no existing business relationship with Defendant; [and] (3) Defendant's telephone calls to Plaintiff were designed to enroll Plaintiff into a health insurance plan and were obviously designed for *en masse* transmission."

(Compl. ¶¶ 43, 98.) Count One adds the contention that "Defendant's website concedes that it places telephone calls 'using an automatic telephone dialing system.'" (Compl. ¶ 43.)

These allegations do not satisfy the plausibility standard required by this Court. With respect to the first two contentions, like in *Davis*, the fact that Plaintiff claims he did not provide his number to Symple Lending or that he had no existing business relationship with Defendant does not make it plausible, rather than merely possible, that an ATDS was used to make the calls at issue. Like in *Davis,* such facts, even if true, would be consistent with the "hiring [of] a marketing firm to send individual messages from a personal cell phone" to a series of different numbers as part of a marketing campaign. *Davis*, 2022 WL 4217141, at *2. Plaintiff's third contention, that the calls were "obviously" made *en masse*, lacks any supporting factual allegation and appears to be nothing more than pure speculation. (*See* Compl. ¶ 43.) Plaintiff's conclusory contention that the calls he allegedly received sought to enroll him in a health insurance plan provides no support for his contention that the alleged calls were placed *en masse*.

Plaintiff's final allegation, that Symple Lending's website concedes Defendant uses an ATDS, similarly fails to support his conclusory assertions. The website does not "concede" that Symple Lending uses an ATDS. What it actually says, in language Plaintiff cites and incorporates into the Complaint, is:

> **Consent:** By providing your phone number, you become a "Subscriber" and consent to receive calls and text messages from Symple Lending, including those made using an automatic telephone dialing system or prerecorded voice. Message and data rates may apply. No purchase is necessary. You may opt-out at any time by following the instructions provided in the messages or via email at privacy@symplelending.com.

Terms of Use, https://symplelending.com/terms-of-use (last visited 3/20/2025).[3]

Nothing in the above-quoted language supports a conclusion that Symple Lending used an ATDS to contact Plaintiff. At best, the language simply supports the conclusion that those providing their phone numbers *consent to* calls using an ATDS. Moreover, even if the website reflected that Symple Lending uses an ATDS, which it does not, that does not mean that one was used during any alleged communication Plaintiff claims to have received.

Plaintiff has not satisfied the minimum pleading requirements necessary to support Counts One and Five of the Complaint, and they should be dismissed for this additional reason.

**D.** **Counts Two and Six of the Complaint should be dismissed because they do not sufficiently allege that the voicemails at issue were an artificial voice or prerecorded.**

Counts Two and Six of the Complaint merely rely on conclusory assertions that an artificial or prerecorded voice was used to make the calls at issue. Like Plaintiff's claims contending Defendant used an ATDS to make the calls at issue, "a plaintiff may not merely recite the statutory elements of the use of . . . prerecorded voice without alleging *additional facts to support those facts*." *Lugassy v. Bank of Am., N.A.*, No. 19-CV-61765-WILLIAMS/VALLE, 2020 WL 9460216, at *4 (S.D. Fla. Mar. 6, 2020) (emphasis in original) (quoting *Adams*, 366 F. Supp. 3d at 1355–56). Stated similarly, it is not enough for a plaintiff to merely allege that a prerecorded voice was

---

[3] The Court may consider documents referred to in the Complaint in ruling on this Motion to Dismiss. *See Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) ("On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint.").

used without elaborating beyond the conclusory assertion to provide additional details about the alleged calls. *See id.*; *see also Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (relying on *Johansen* to require additional allegations to support the use of a prerecorded voice for a complaint to state a valid claim); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.").

In *Padilla*, for example, this Court dismissed claims under the TCPA where the plaintiff alleged that the defendant called his cellular phone 41 times in a four-month period after he requested that calls stop and left prerecorded messages on his phone. 2014 WL 3418490, at *1. While the Court recognized that it would be unreasonable for a plaintiff to elaborate on the technical details of a call, "the plaintiff could describe the phone messages he received in layman's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded[.]" *Id.* at *2 (citing *Johansen*, 2012 WL 6590551, at *3). Without additional factual allegations, the plaintiff's claim was subject to dismissal. *See id.*

Likewise here, Plaintiff's allegations fail to include specific facts supporting the use of an artificial or prerecorded voice. Rather, Plaintiff simply contends that, "[w]hen Plaintiff listened to the voicemails, he was easily able to determine that it was a prerecorded message." (Compl. ¶ 18.) Plaintiff does not explain *how* he reached this conclusion or what characteristics of the voicemail messages allowed him to do so. (*See generally id.*)

Counts Two and Six of the Complaint fail to state a claim upon which relief can be granted, and they should be dismissed for this additional reason.

**E.**     **Counts Four and Eight should be dismissed because they do not sufficiently allege when and to whom Plaintiff made any alleged do-not-call request.**

Counts Four and Eight of the Complaint rest on allegations that Symple Lending failed to comply with Plaintiff's do-not-call requests. However, again, the Complaint does not provide any factual detail supporting a conclusion that Symple Lending violated the TCPA or FTSA on this basis. The TCPA states, "No person or entity shall initiate any artificial or prerecorded-voice telephone call . . . or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Notably, the minimum procedures require an entity to "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request." *Id.* § 64.1200(d)(3). The FTSA prohibits a "telephone solicitor" from "initiat[ing] an outbound telephone call, text message, or voicemail transmission to a consumer . . . who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission: (a) made by or on behalf of the seller whose goods or services are being offered[.]" Fla. Stat. § 501.059(5). Both claims require a consumer to first request that calls from the entity cease. *See* 47 C.F.R. § 64.1200(d); Fla. Stat. § 501.059(5).

It is not enough for a plaintiff to merely allege that they made a request for calls to stop and later received subsequent calls. *See, e.g.*, *Harrell v. Aquion, Inc.*, No. 3:23-cv-1222-WWB-LLL, 2024 WL 4188389, at *4 (M.D. Fla. Sept. 13, 2024). In *Harrell*, for example, the plaintiff's claim based on 47 C.F.R. § 64.1200(d) rested on her allegation that she made a request to opt out of text messages but continued to receive calls in the five days following her request. 2024 WL 4188389, at *4. The court found such allegations insufficient, stating that "Plaintiff has not made

any nonconclusory allegations that any failure to timely honor her request was part of a larger failure to have proper procedures in place or is evidence of the lack of a proper policy." *Id.* Thus, the claim was dismissed. *See id.*

Plaintiff's allegations here similarly lack detail supporting his claims in Counts Four and Eight. The Complaint identifies only seven calls within a 37-day period. (*See* Compl. ¶ 17.) Plaintiff claims that he "called the telephone numbers from which he received Defendant's calls and asked not to receive further calls from Defendant or on Defendant's behalf." (*Id.* ¶ 20.) Plaintiff does not identify the date of these calls. (*See id.* ¶¶ 17–21.) He only claims that Symple Lending continued to place calls to his telephone number. (*See id.* ¶ 21.) Without the dates of the alleged do-not-call requests, Plaintiff has not plausibly alleged that Symple Lending failed to honor his do-not-call request as required by the TCPA.

Moreover, Plaintiff does not contend that he called Symple Lending directly to request that calls stop, only that he placed calls to the numbers that called him. (*See id.* ¶¶ 17, 20.) Plaintiff identifies four different numbers that allegedly placed calls to his telephone. (*See id.* ¶ 17.) One of the numbers allegedly called Plaintiff on two days. (*See id.*) The other numbers only made alleged calls on one day. (*See id.*) Additionally, Plaintiff does not tie any of these numbers to Symple Lending or each other. (*See id.*) As such, Plaintiff has failed to plausibly allege Defendant failed to honor his do-not-call request as required by the TCPA or the FTSA. For these additional reasons Counts Four and Eight of the Complaint should be dismissed.

F. **Plaintiff lacks standing to prosecute his claims for injunctive relief.**

Plaintiff concludes each count of the Complaint with a request for injunctive relief, asking the Court to enjoin Symple Lending from "ongoing and future violations" of the TCPA and/or FTSA. (*See* Compl. ¶¶ 47, 58, 72, 90, 103, 117, 132, 147.) To establish standing to seek such relief, Plaintiff's Complaint must allege sufficient facts to support a finding of "a ***substantial likelihood***

that []he ***will suffer injury in the future***." *Coker*, 660 F. Supp. 3d at 1326 (emphasis added) (quoting *Worthy*, 930 F.3d 1206); *see also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *futur*e injury.'" (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013))).

Absent from the Complaint are any facts supporting the elements necessary to even simply plead a claim for injunctive relief, let alone prove one. Even taking the allegations in the Complaint as true—because Symple Lending must in conjunction with this motion—Plaintiff does not claim to have received any telephone calls from anyone, Symple Lending or otherwise, after November 29, 2024. (Compl. ¶ 17.) Nowhere in the Complaint does Plaintiff contend that he is still receiving calls, or that he is at risk of receiving additional calls in the future. (*See generally id.*)

All allegations are in the past tense and Plaintiff does not even allege that calls to the putative class members are ongoing. (*See id.* ¶¶ 42, 53, 66, 80–81, 96, 110, 125–126, 141–142.) But even if he did allege calls to the putative class members were ongoing, it is well established that "even named plaintiffs who represent a class must allege and show that they personally have been injured." *J W ex rel. Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1272 (11th Cir. 2018) (quoting *Spokeo, Inc.*, 136 S. Ct. at 1547 n.6,); *see MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1239 (11th Cir. 2023) ("[A] plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue." (quoting *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019))). Because Plaintiff has not pled any facts to show there is a substantial likelihood that he personally

60495804 v2

will experience any injury in the future, he has not demonstrated that he has standing to prosecute his claims for injunctive relief—whether individually or on behalf of or anyone else. As such, Plaintiff's claims for injunctive relief at the end of each Count of the Complaint should be dismissed. *See, e.g.*, *Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *5 (W.D. Wash. Oct. 11, 2023) (finding the plaintiff lacked standing to seek injunctive relief on his or a putative class's behalf under the TCPA where the complaint did not "allege ongoing harm from past conduct or establish a sufficient likelihood of future harm").

## V.    CONCLUSION.

WHEREFORE, for the reasons stated above, Symple Lending LLC respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief that the Court deems just and proper.

DATED: March 28, 2025.

Respectfully Submitted,

*/s/ Joshua H. Threadcraft*

Joshua H. Threadcraft
(Lead Trial Counsel)
(FL Bar No. 96153)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jthreadcraft@burr.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 28, 2025, I electronically filed the foregoing with

the Clerk of Court using CM/ECF, which will electronically service a copy of the foregoing motion

on the following parties:

Chris Gold
GOLD LAW, P.A.
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
T: 305-900-4653
chris@chrisgoldlaw.com

*Counsel for Plaintiff*

*/s/ Joshua H. Threadcraft*
Joshua H. Threadcraft, Esq. (FL Bar No. 96153)
BURR & FORMAN LLP

60495804 v2